# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

IRENDA JOHNSON

      Plaintiff,

v.                                        Case No. 2:18-cv-1842

WASTE MANAGEMENT OF WISCONSIN, INC.;
and RECYCLE AMERICA CO., LLC

      Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Irenda Johnson, (hereinafter, "Johnson" or "Plaintiff"), by and through her attorneys, Canfield & Lutz, LLC, and as and for her cause of action against the Defendants, Waste Management of Wisconsin, Inc., (hereinafter, "Waste Management" or "Defendant") and Recycle America Co., LLC, (hereinafter, "Recycle America" or "Defendant"), alleges and shows to the Court as follows:

## NATURE OF ACTION

1. This action arises under 28 U.S.C. §§ 2201 and 2202, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. and 42 U.S.C. §§ 1981, 1981a, and 1982, to correct unlawful employment practices on the basis of race (black), race based discrimination in the contractual relationship, and in retaliation for opposing discriminatory employment practices, as well as to provide appropriate relief to Irenda Johnson who was adversely affected by such practices.

2. Defendants subjected Plaintiff to less favorable terms and conditions of employment, unwanted hostile and abusive employment conditions, and terminated her employment

because of her race (black) and in retaliation for Plaintiff exercising her rights to complain about the illegal employment practices of Defendants; with reckless indifference to her federally protected rights. Defendants prevented Plaintiff from enjoying the property rights, as are enjoyed by white citizens and further denied her the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship, as are enjoyed by white citizens.

## PARTIES

3. The Plaintiff, Irenda Johnson, is an adult female resident of the State of Wisconsin, who currently resides at 3338 N 84th St., Milwaukee, Wisconsin 53222. At all times relevant to this complaint, the Plaintiff was employed by Defendants.

4. At all relevant times, the Defendant, Waste Management of Wisconsin, Inc. has continuously been a business with its principal offices located at 1001 Fannin St., Houston, TX 77002, doing business in Wisconsin and had continuously and does now have at least 15 employees.

5. At all relevant times, the Defendant, Recycle America Co., LLC has continuously been a business with its principal offices located at 1001 Fannin St., Houston, TX 77002, doing business in Wisconsin and had continuously and does now have at least 15 employees.

6. At all relevant times, the Defendants have been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and sections 101 and 102 of the Civil Rights Act of 1991, 42 U.S.C. §§1981, 1981a and 1982.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

9. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## FACTUAL ALLEGATIONS

10. Plaintiff began working for Defendants as a Senior Customer Service Representative on or about April 20, 2015 at Defendants' Glendale Wisconsin location. Plaintiff was only one of five black employees at the location other than two of the temporary employees.

11. Plaintiff was given a lager workload and held to higher standards than her white co-workers. Plaintiff was given extra work while her white co-workers would complain about not having anything to do and spend portions of their day shopping online.

12. Defendants had employees walk past Plaintiff's desk to make sure she was working while her white co-workers were not checked on.

13. Starting in June, 2015, Plaintiff began being subjected to racial harassment and race-based harassment when her co-workers made inappropriate and insensitive comments to Plaintiff and in her presence.

14. On numerous occasions during her employment, Plaintiff's white co-workers would openly make racial remarks to Plaintiff and in her presence about Mexican people and black people. Black people were often referred to as "those people." There were also many race related anti-Obama comments made to Plaintiff and in her presence; including that he was only president due to affirmative action. One of Defendants' managers brought in a calendar that said "countdown till Obama is out."

3

15. While at the 2015 company Christmas party, Plaintiff's manager Renee Kempka, Defendants' Customer Service Supervisor, asked Plaintiff to twerk (a type of dance originally associated with back culture). Kempka did not ask any of Plaintiff's white co-workers to twerk. Plaintiff was offended by Kempka's assumption that she could twerk because she was black.

16. In June 2016 a white co-worker, Jennifer Peters, told Plaintiff that her children thought black people were monkeys.

17. Peters also made a comment to Plaintiff that a white a person that acts like a black person is a "wigger" (a portmanteau of white and nigger).

18. Another white co-worker, Bob Huss, made a comment to Plaintiff that Capitol Drive in Milwaukee (the street Plaintiff lived on at the time) is the hood and he avoids driving down that street on his commute. Other employees discussed "safe" routes home to avoid areas heavily populated by black people.

19. Plaintiff reported the harassment on numerous occasions to Kempka, most recently in May 2016, June 2016, and December 2016. To Plaintiff's knowledge, nothing was ever done by Defendants and the harassment continued.

20. On her annual HR review form in late 2016, Plaintiff marked that she was being harassed. HR did not do any follow up on this complaint for 6 months.

21. In May 2016, Plaintiff sent Kempka an email to set up a meeting to go over some of the issues she had with the racial remarks and unfair treatment of minority employees. At the meeting Plaintiff explained to Kempka that she was still being harassed by white co-worker Tracy Marsel and that Plaintiff felt nothing was being done about it. Kempka assured Plaintiff that it would be taken care of, but it never was.

22. Several co-workers informed Plaintiff that management was watching her for mistakes to use as a pretext to terminate her employment.

23. After nearly 2 years of employment, Plaintiff was issued her first disciplinary action on March 16, 2017.

24. Plaintiff complained that the March 16, 2017 disciplinary action was punishment for voicing her concern about the racial remarks and unequal work distribution. In response, Plaintiff was issued a final warning less than a week later, on March 20, 2017.

25. On or about March 21, 2017 Plaintiff filed a charge of discrimination with the EEOC (443-2017-00628) against Defendant alleging that she was discriminated against on the basis of her race (black) and in retaliation for engaging protected activity.

26. After finding out about Plaintiff's EEOC charge, one of Defendants' managers, Demetria Abraham, commented to Plaintiff that she reminded her of an episode on 60 minutes and that the black lady from the episode looks, acts, and talks just like Plaintiff. Plaintiff watched the episode only to find out the comments were racially based; they looked nothing alike, but they had both made complaints based on race.

27. On April 7, 2017 Plaintiff sent an email to James Fish, Defendants' President and CEO, complaining about the discriminatory treatment she had been receiving and how nothing had been done about her prior complaints.

28. After the discriminatory treatment she received her job had become extremely stressful and unbearable. The stress from the treatment she was receiving at work became so bad that Plaintiff's doctor placed her on a leave of absence starting in April 2017.

29. While on leave, Plaintiff was informed by a co-worker that the site manager, Beth Haferkorn, said that she was going to terminate Plaintiff.

30. In order for Plaintiff to maintain her leave of absence, Defendants required her to provide numerous forms of documentation that her white co-workers were not required to provide, required the documents at greater frequency than her white co-workers were required to provide them, and required them within unrealistic timeframes.

31. Defendants, using a violation of their heightened documentation requirements policy only being applied to Plaintiff as a pretext, terminated Plaintiff on July 24, 2017 based on her race and in retaliation making complaints of racial discrimination in violation of Title VII of the Civil Rights Act of 1964.

32. On or about August 3, 2017 Plaintiff filed a second charge of discrimination with the EEOC (443-2017-01141) against Defendant alleging that she was discriminated against on the basis of her race (black) and in retaliation for engaging protected activity.

33. Shortly after being terminated, Plaintiff confronted Defendants and informed them that she was working with Vicki Jackson, Defendants' HR Manager, and had been in compliance with their requirements. When confronted with this information, Plaintiff was reinstated.

34. On September 22, 2017 Defendants, once again using a violation of their heightened documentation requirements policy only being applied to Plaintiff as a pretext, terminated Plaintiff again based on her race and in retaliation making complaints of racial discrimination in violation of Title VII of the Civil Rights Act of 1964.

35. On August 23, 2018 the EEOC issued a Right to Sue Letter for Charge 443-2017-01141.

36. On September 13, 2018 the EEOC issued a determination finding that there is reasonable cause to believe that there were violations of Title VII on Charge 443-2017-00628.

## STATEMENT OF CLAIMS

As claims against the Defendants, Plaintiff alleges the following:

# COUNT I
# TITLE VII DISCRIMINATION BASED ON RACE

37. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 36 above, inclusive, with the same force and effect as though fully set forth and repeated within.

38. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, which prohibits discrimination by covered employers on the basis of race, color, religion, or national origin.

39. More than 30 days prior to the institution of this lawsuit, Plaintiff filed a charge with the EEOC alleging violations of Title VII by Defendants. All conditions, precedent to the institution of this lawsuit, have been fulfilled.

40. During Plaintiff's employment with Defendants, Defendants engaged in unlawful employment practices in violation Title VII, 42 U.S.C. § 2000(e) *et seq*. Such practices include, but are not limited to:

   a. Subjecting Plaintiff to different terms and conditions of employment, levels of scrutiny, and discipline because of her race (black), than similarly situated non-black employees.

   b. Subjecting Plaintiff to harassment as well as unwanted, hostile, and abusive employment conditions because of her race (black).

   c. Terminating Plaintiff's employment because of her race (black) in reckless indifference to her federally protected rights.

41. The unlawful actions taken by Defendants as alleged herein, were taken in malicious, willful, wanton and reckless disregard of Plaintiff's rights as guaranteed by Title VII.

42. As a direct, foreseeable, and proximate result of Defendants' intentional discrimination, Plaintiff has suffered damages in the form of humiliation, pain, suffering, emotional distress, attorney fees and costs, loss of employment, loss of wages, future vocational loss, loss of promotional opportunities, and other employment benefits. These damages and injuries continue into the present and will continue into the foreseeable future.

## COUNT II
## TITLE VII RETALIATION FOR EXERCISING PROTECTED RIGHTS

43. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 42 above, inclusive, with the same force and effect as though fully set forth and repeated within.

44. Defendants intentionally discriminated against Plaintiff by subjecting her to increased scrutiny and singling her out for selective and unwarranted discipline. Defendants ultimately terminated Plaintiff's employment in retaliation for Plaintiff exercising her rights to complain about the illegal employment practices of Defendants, specifically, discrimination based on race, in violation of Title VII, 42 U.S.C. 2000e, *et seq.*, and in reckless indifference to her federally protected rights.

45. The unlawful actions taken by Defendants as alleged herein, were taken in malicious, willful, wanton and reckless disregard of Plaintiff's rights as guaranteed by Title VII.

46. As a direct, foreseeable, and proximate result of Defendants' intentional discrimination, Plaintiff has suffered damages in the form of humiliation, pain, suffering, emotional distress, attorney fees and costs, loss of employment, loss of wages, future vocational loss, loss of promotional opportunities, and other employment benefits. These damages and injuries continue into the present and will continue into the foreseeable future.

## COUNT III
## 42 U.S.C. § 1981 RACE BASED DISCRIMINATION AND RETALIATION

47. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 48 above, inclusive, with the same force and effect as though fully set forth and repeated within.

48. Defendants, using Plaintiff's race (black) as a motivating factor, subjected her to unwanted, hostile, and abusive employment conditions and adverse employment actions, in violation of Section 101 of the Civil Rights Act of 1991, 42 U.S.C. 1981.

49. Plaintiff, exercising her protected rights, complained about Defendants' unlawful and discriminatory employment practices, and, as a direct result, was subjected to disparate employment expectations and disciplinary treatment and was subsequently terminated.

50. As a direct, foreseeable, and proximate result of Defendants' intentional discrimination, Plaintiff has suffered damages in the form of humiliation, pain, suffering, emotional distress, attorney fees and costs, loss of employment, loss of wages, future vocational loss, loss of promotional opportunities, and other employment benefits. These damages and injuries continue into the present and will continue into the foreseeable future.

## COUNT IV
## DECLARATORY JUDGMENT

51. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 50 above, inclusive, with the same force and effect as though fully set forth and repeated within.

52. The allegations contained in Plaintiff's Complaint present an actual controversy between the parties in the meaning of 28 U.S.C. Section 2201.

53. Plaintiff does not have plain and adequate remedies at law for her injuries as alleged in this Complaint or to prevent future injuries of a similar nature by the same or other similarly situated defendants, and, therefore, she invokes the Court's jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 to award declaratory relief.

54. During Plaintiff's employment with Defendants, Defendants engaged in unlawful employment practices in violation of 29 U.S.C. § 623(a)(l) and Title VII, 42 U.S.C. § 2000(e) *et seq*. Such practices include, but are not limited to:

   a. Subjecting Plaintiff to different terms and conditions of employment, levels of scrutiny, and discipline because of her race (black).

   b. Subjecting Plaintiff to unwanted, hostile, and abusive employment conditions because of her race (black).

   c. Terminating Plaintiff's employment because of her race (black).

   d. Subjecting Plaintiff to different terms and conditions of employment, levels of scrutiny, and discipline, and terminating Plaintiff in retaliation for Plaintiff exercising her right to complain about the illegal employment practices of Defendants, specifically, discrimination based on race; in violation of Title VII, 42 U.S.C. 2000e, *et seq*., and in reckless indifference to her federally protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare and adjudge pursuant to 28 U.S.C. § 2201 and § 706, Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-5, and 29 U.S.C. § 623(a)(l), that by way of the adverse employment actions complained of herein, Defendants deprived Plaintiff of her right

to be free from race based discrimination and retaliation for opposing discrimination in employment in violation of §§ 703(a) and 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*;

B. Order Defendants to make Plaintiff whole by providing appropriate back pay, front pay, compensatory damages, punitive damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

C. Grant to Plaintiff her attorney fees, costs and disbursements as provided by 42 U.S.C. § 12205 and all other applicable statutes and provisions;

D. Grant to Plaintiff whatever other relief this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this complaint.

Dated at Milwaukee, Wisconsin on this the 21st Day of November, 2018.

/s/ Jason Canfield
State Bar No. 1083007
Canfield & Lutz, LLC
Attorney for the Plaintiff
6944 N Port Washington Rd., Suite 206
Milwaukee, WI 53217
Ph. 414.935.2810
Fax. 414.935.2821
Jason.Canfield@CanfieldandLutz.com